# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| CLAUDE EMILE ) ) ) ) Plaintiff, ) ) v. ) ) WELLS FARGO BANK, N.A. ) ) Defendant. ) ) ) ) ) ) | Civil Action No. 15-cv-77-M-LDA |

## WELLS FARGO BANK, N.A.'S MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully moves this Court to issue an Order extending the deadline to file dispositive motions to August 21, 2018. As grounds for its request, Wells Fargo states the following:

Wells Fargo and Plaintiff Claude Emile ("Emile") (jointly, the "Parties") attended a continued mediation session with Berry Mitchell on July 10, 2018. The Parties discussed a short sale offer from a potential buyer, Boston Community Capital, Inc. ("BCC")[1], which had been rejected prior to the mediation. At the July 10 mediation Emile, through counsel, presented a written, higher offer to purchase the mortgaged property. Undersigned counsel sought clarification as to whether Emile was proposing a new offer from BCC and advised that, if so, an addendum to the proposed purchase and sales agreement between Emile and BCC, along with an

---

[1] According to its website Boston Community Capital, Inc. "is a nonprofit community development financial institution" that has "invested over $1 billion in projects that provide affordable housing, good jobs, and new opportunities in low-income communities . . . ." *See* http://www.bostoncommunitycapital.org/about-us.

updated Settlement Statement/HUD-1, would be required before a new offer could potentially be considered.

On July 31, 2018, undersigned defense counsel received a short sale addendum and preliminary Settlement Statement from Emile's real estate broker. The proposed short sale price does not match the purchase price specified in Emile's written "offer" of July 10, 2018. Accordingly, undersigned counsel has sought further clarification as to the terms of the proposed transaction and whether Emile proposes to make an additional payment to Wells Fargo as part of the putative short sale.

In light of the above, there is good cause to extend the deadline for filing dispositive motions to allow Emile to supply additional information regarding the structure of the putative short sale and for Wells Fargo to consider BCC's offer to purchase. Extending the dispositive motion deadline will allow the parties (as expected as part of the mediation process) to explore alternative settlement options in the event BCC's new offer is rejected. Extending the deadline will also conserve the resources of the Parties (and this Court) and potentially avoid the need for further litigation. Wells Fargo's request is not being made for the purposes of delay. The requested extension will not prejudice Plaintiff, as no foreclosure auction is currently scheduled and Plaintiff, upon information and belief, remains in possession of the mortgaged property.

Undersigned defense counsel contacted Emile's counsel to inquire whether Emile assents to the requested extension. At the time of filing this Motion, defense counsel has not received any response from Plaintiff's counsel.

WHEREFORE, based on the foregoing, Defendant Wells Fargo Bank, N.A. respectfully requests that this Court grant its Motion and enter an Order extending the dispositive motion deadline to August 21, 2018.

Respectfully submitted,

Defendant,
Wells Fargo Bank, N.A.

By its Attorney,

/s/ *Michael E. Jusczyk*
Michael E. Jusczyk (Bar# 7791)
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800
Email: mjusczyk@seyfarth.com

Dated: July 31, 2018

**CERTIFICATE OF SERVICE**

     I, Michael E. Jusczyk, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 31, 2018.

/s/  *Michael E. Jusczyk*
    Michael E. Jusczyk