## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CLAUDE EMILE ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 15-cv-00077-M-LDA |
| ) | |
| v. ) | |
| ) | |
| JP MORGAN CHASE BANK, N.A., ALIAS ) | |
| AND JOHN DOE, ALIAS ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

## WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
## OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Wells Fargo Bank, N.A. ( "Wells Fargo")[1] respectfully moves this Court to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.[2]

Plaintiff, Claude Emile ("Plaintiff"), seeks to challenge a foreclosure sale scheduled for March 3, 2015 on the ground that Wells Fargo failed to send her a notice of mediation advising her that she is entitled to a face-to-face meeting, as required by R.I.G.L. § 34-27-3.2 (the "Mediation Statute").  She seeks declaratory and injunctive relief, along with damages for Wells Fargo's violation of the Mediation Statute.  Because the March 3, 2015 foreclosure sale did not occur and has not been re-noticed, Plaintiff's claims are moot and this Court lacks subject matter jurisdiction.

---

[1] Although the Complaint is captioned as being against JP Morgan Chase Bank, N.A., Alias, and John Doe, Alias, the body of the Complaint makes its allegations against Wells Fargo and this motion is filed on behalf of Wells Fargo.

[2] Pursuant to LR Cv 7(c), undersigned counsel requests a hearing on this motion.  Counsel estimates that the hearing will require approximately 30-45 minutes.

Alternatively, should this Court conclude that it has jurisdiction, Wells Fargo is entitled

to summary judgment.  Rhode Island's Mediation Statute does not require a notice of mediation

when the mortgage went into default before May 16, 2013, and it is undisputed that Plaintiff

defaulted on her mortgage in April of 2010.  In any event, Wells Fargo sent Plaintiff a letter

inviting her to a face-to-face meeting, and in fact *engaged in three face-to-face meetings* with

Plaintiff as part of this Court's Alternative Dispute Resolution Program.  Therefore, Wells Fargo

is entitled to a judgment of dismissal, or in the alternative to judgment as a matter of law.

## I.    UNDISPUTED MATERIAL FACTS

On June 30, 2006, Claude Emile ("Plaintiff") and Rendel Emile ("Rendel")[3] executed a

Note in the amount of $213,290.00 to CCO Mortgage Corp.  Wells Fargo's Local Rule 56(a)(1)

Statement of Undisputed Material Facts, filed contemporaneously herewith, ("SOF") ¶ 1.  To

secure their repayment obligations under the Note, Plaintiff and Rendel granted a Mortgage (the

"Mortgage") in and to the property located at 21 Dodge Street, North Providence, Rhode Island

02904 (the "Property") to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee

for CCO Mortgage Corp.  SOF ¶ 2.  The Mortgage was recorded in Book 2287 at Page 305 in

the City of North Providence Land Evidence Records.  *Id.* ¶ 3.  CCO Mortgage Corp. specially

endorsed the Note to Wells Fargo, and Wells Fargo subsequently endorsed the Note, in blank.

*Id.* ¶¶ 4, 5.  Wells Fargo has been the holder of the Note, endorsed in blank, since before any of

the foreclosure proceedings at issue in this case began.  *Id.* ¶ 6.

Wells Fargo is also the mortgagee of record.  On July 15, 2011, MERS, as nominee for

CCO Mortgage Corp., assigned the Mortgage to Wells Fargo.  *Id.* ¶ 7.  The Corporate

---

[3] Rendel is not a party to this action.

Assignment of Mortgage was recorded in the City of Providence Land Evidence Records at Book 2733 at Page 316.  *Id.* ¶ 8.  Plaintiff does not dispute Wells Fargo's status as mortgagee.

On June 21, 2006, CCO Mortgage Corp. notified Plaintiff and Rendel by letter that effective July 11, 2006, the servicing of their mortgage loan had been transferred from CCO Mortgage Corp. to Wells Fargo.  *Id.* ¶ 9.  Wells Fargo has serviced the mortgage loan from July 11, 2006, through the present.  *Id.* ¶ 10.

On February 7, 2010, Wells Fargo mailed written notice to Plaintiff and Rendel advising them that the Mortgage was in default and that they had 30 days to cure the default to avoid the possibility of acceleration.  *Id.* ¶ 11.  On February 12, 2010, Wells Fargo sent correspondence to Plaintiff and Rendel Emile informing them that Wells Fargo had "agreed to a modification of your mortgage loan."  *Id.* ¶ 12.  The letter's "Details of the Modification" specified that the first payment was due April 1, 2010.  *Id.* ¶ 13.  The Loan Modification Agreement—enclosed with the correspondence—stated that "[t]he current contractual due date has been extended from [January 1, 2010] to [April 1, 2010]" and confirmed that "[t]he first modified contractual due date is on 04/01/2010."  *Id.* ¶ 14.

Plaintiff and Rendel failed to make the payment due April 1, 2010.  *Id.* ¶ 16.  During an April 1, 2010 phone call with a Wells Fargo employee, Plaintiff stated that the payments were too high.  *Id.* ¶ 15.  On April 7, 2010 Wells Fargo inquired whether Plaintiff and Rendel remained interested in moving forward with the loan modification, but neither responded, and they did not sign and return the Loan Modification Agreement.  *Id.* ¶¶ 19-21.  On or about April 12, 2010 Wells Fargo sent correspondence to Plaintiff and Rendel advising that Wells Fargo was "unable to adjust the terms of your mortgage" because "[w]e have been unable to reach you to discuss your situation."  *Id.* ¶ 22.  Then, on April 19, 2010, Plaintiff told Wells

Fargo that she could not afford the plan payments, *id.* ¶ 23 and Wells Fargo cancelled the loan modification at Plaintiff's request, *id* ¶ 24.  Wells Fargo sent correspondence to Plaintiff and Rendel dated April 19, 2010 advising that, "[a]s you requested, this letter is to inform you the request for Repayment Agreement has been cancelled, and we have closed your file."  *Id.* ¶ 25. On or about April 29, 2010, Wells Fargo sent correspondence to Plaintiff and Rendel informing them that the Mortgage was in default and stating, "[w]e would like to meet with you to review your financial situation and determine possible options to assist you in bringing your loan current."  *Id.* ¶ 26.

Over the next several months, Wells Fargo sent notices (dated May 9, 2010, October 17, 2010, and March 6, 2011) to Plaintiff and Rendel.  *Id.* ¶ 27.  The May 9, 2010 notice notified Plaintiff of the default and advised that Wells Fargo had the right to foreclose if the default was not cured.  *Id.* ¶ 28.  The October 17, 2010 and March 6, 2011 notices advised Plaintiff and Rendel that the Mortgage was in default and informed them that they had 30 days or longer to cure the default to avoid the possibility of acceleration of their mortgage loan.  *Id.* ¶ 29.  Plaintiff and Rendel failed to bring their mortgage loan payments current or otherwise cure their non-payment default.  *Id.* ¶ 37; *see also id.* ¶¶ 17-18.  The Mortgage has been in default since April 1, 2010 and remains due for that payment.  *Id.* ¶ 17-18, 38.  On July 22, 2014, Wells Fargo mailed written notice to Plaintiff and Rendel Emile informing them of their default and that they had until September 10, 2014, to cure the default to avoid the possibility of acceleration of their mortgage loan.  *Id.* ¶ 30.

Plaintiff filed the Complaint in the Rhode Island Superior Court on February 13, 2015 and sought to enjoin a foreclosure sale scheduled for March 3, 2015.  *Id.* ¶ 31.  The Complaint claims that "[n]either Wells Fargo nor any entity acting on its behalf has sent Plaintiff a notice

advising her that she is entitled to a face to face meeting, prior to exercise of default and acceleration as required by the terms of her mortgage." *See id.* ¶ 31; ECF No. 1-1, Complaint, ¶ 6. The Complaint alleges that Plaintiff was entitled to, but never received, a notice of mediation pursuant to R.I.G.L. § 34-27-3.2. Complaint ¶ 9. The Complaint also implies that Plaintiff was contractually entitled to a notice that she is entitled to a face-to-face meeting prior to foreclosure. *See id.* ¶¶ 6, 8.

The Complaint seeks to restrain a foreclosure sale scheduled for March 3, 2015. *Id.* ¶ 10. It also seeks damages and attorney's fees for Wells Fargo's alleged violation of R.I.G.L. § 34-27-3.2. *See id.* at p. 3. The Complaint does not, however, set forth a claim for breach of contract, nor does it request any damages or other relief arising out of any alleged breach. *See id.* at pp. 3-4.

Wells Fargo removed the Complaint to this Court on February 27, 2015. ECF No. 1, Notice of Removal. The parties have participated in multiple mediations as part of this Court's Alternative Dispute Resolution Process. SOF ¶ 33. In-person mediation sessions were convened on June 11, 2015, February 26, 2018, and July 10, 2018. *Id.* ¶ 34.

While this case was pending, Plaintiff submitted another application for loss mitigation to Wells Fargo. *See id.* ¶ 35. On or about April 7, 2018, Wells Fargo informed Plaintiff and Rendel that they had been "approved for the Home Affordable Modification Trial Period Plan (HAMP)," and provided instructions for how they could accept the loan modification offer. *Id.* Plaintiff and Rendel did not accept the loan modification offer. *Id.* ¶ 36.

The March 3, 2015 foreclosure sale of the Property never occurred, and no sale is currently scheduled. *Id.* ¶¶ 32, 39-40.

## II.  STANDARDS OF REVIEW

### A.  SUBJECT MATTER JURISDICTION (RULE 12(b)(1))

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) is "[t]he proper vehicle for challenging a court's subject matter jurisdiction." *Lindsay v. Wells Fargo Bank, N.A.*, No. CIV.A. 12-11714-PBS, 2013 WL 5010977, at *2 (D. Mass. Sept. 11, 2013) (quoting *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362–63 (1st Cir. 2001)).  In considering a Rule 12(b)(1) motion, the Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Deutsche Bank Nat'l Tr. v. Moynihan*, No. CV 15-14155-MBB, 2016 WL 4098579, at *1 (D. Mass. July 28, 2016) (citations omitted), *aff'd sub nom. Deutsche Bank Nat'l Tr. Co. as Tr. for IXIS 2006-HE3 v. Moynihan*, No. 17-2039, 2018 WL 4922786 (1st Cir. Aug. 16, 2018).  The court may also, however, "consider whatever evidence has been submitted, such as the depositions and exhibits submitted." *Id.* (quoting *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010)); *Cuomo v. U.S. Bank, N.A. for Bear Stearns Asset Backed Sec. I, LLC*, 2006-HE5, No. CV 17-485 WES, 2018 WL 3993444, at *2 (D.R.I. Aug. 21, 2018) (citing *Pemental v. Bank of New York Mellon for Holders of Certificates , First Horizon Mortg. Pass-Through Certificates Series FHAMS 2004-AA5*, No. CV 16-483S, 2017 WL 3279015, at *5 (D.R.I. May 10, 2017), *report and recommendation adopted sub nom. Pemental v. Bank of New York Mellon*, No. CV 16-483 S, 2017 WL 3278872 (D.R.I. Aug. 1, 2017)).  Finally, a complaint's legal conclusions "are not taken as true and are not part of the factual record." *Lindsay*, 2013 WL 5010977, at *2 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (footnote omitted).

"[T]he party raising a mootness defense has the burden of establishing the facts necessary to sustain that defense." *Ramirez*, 438 F.3d at 100; *Mangual*, 317 F.3d at 61.  "To satisfy this

burden, the challenger must show that, after the case's commencement, intervening events have blotted out the alleged injury and established that the conduct complained of cannot reasonably be expected to recur.'" *Ramirez*, 438 F.3d at 100 (citing *Davis,* 440 U.S. at 631 and *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)).

## B.  SUMMARY JUDGMENT (RULE 56)

When a party moves for summary judgment under Fed. R. Civ. P. 56, the Court views the record in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. *Frangos v. Bank of America, N.A.*, 826 F.3d 594, 596 (1st Cir. 2016).  To prevail, Wells Fargo must show "that there is no genuine dispute as to any material fact and [Wells Fargo] is entitled to judgment as a matter of law." *Gerald v. Univ. of P.R.,* 707 F.3d 7, 16 (1st Cir. 2013) (quoting Fed. R. Civ. P. 56(a)).  Once Wells Fargo has satisfied its burden, to defeat the motion, Plaintiff "the party must demonstrate, through submissions of evidentiary quality, that a trialworthy issue persists." *DePoutot v. Raffaelly*, 424 F.3d 112, 117 (1st Cir. 2005).  Summary judgment is appropriate if the non-moving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## III.  ARGUMENT

## A.  THE COMPLAINT SHOULD BE DISMISSED AS MOOT

Article III of the U.S. Constitution limits a federal court's jurisdiction to deciding actual cases and controversies. *Raines v. Byrd*, 521 U.S. 811, 818 (1997); *Ramirez v. Sanchez Ramos*, 438 F.3d 92, 97 (1st Cir. 2006); *see also* U.S. Const. art. III, § 2, cl. 1.  "One element of the case-or-controversy requirement is plaintiffs must establish that they have standing to sue." *Blum v. Holder*, 744 F.3d 790, 795 (1st Cir. 2014).  "The [standing] doctrine limits the category of

litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."
*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016).  "[A] federal
court is duty bound to dismiss the claim as moot if subsequent events unfold in a manner that
undermines any one of the three pillars on which constitutional standing rests: injury in fact,
causation, and redressability."  *Ramirez*, 438 F.3d at 100 ("A case becomes moot if, at some time
after the institution of the action, the parties no longer have a legally cognizable stake in the
outcome.") (citing *Goodwin v. C.N.J., Inc.,* 436 F.3d 44, 46 (1st Cir. 2006)).  If such events
unfold during the litigation, any subsequent court opinion would be "merely advisory [and],
Article III considerations require dismissal of the case."  *Mangual v. Rotger-Sabat*, 317 F.3d 45,
60 (1st Cir. 2003) (citing *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979)).

Here, the Complaint does not claim any entitlement to relief arising out of a completed
foreclosure.  Instead, it alleges that Wells Fargo may not conduct a foreclosure sale scheduled for
March 3, 2015 because Wells Fargo failed to provide Plaintiff with certain required pre-
foreclosure notices, specifically, a notice of mediation.  But the March 3, 2015 sale never
occurred, and no new auction date has been set.  *See* Smith Aff. ¶ 23; SOF ¶ 15.

The non-occurrence of the March 3, 2015 foreclosure sale rendered the Complaint moot.
*See, e.g.*, *Nash v. GMAC Mortgage, LLC*, No. CA 10-493 S, 2011 WL 2470645, at *13 (D.R.I.
May 18, 2011), *report and recommendation adopted*, No. CA 10-493 S, 2011 WL 2469849
(D.R.I. June 20, 2011) (holding that requests for injunctive relief to restrain mortgagor from
foreclosing mortgage became moot when foreclosure auction was cancelled); *Smith v. World
Sav. & Loan Ass'n,* No. 2:10-cv-02855, 2011 WL 338495, at *4 (E.D. Cal. Jan. 31, 2011)
("Plaintiff's two foreclosure-related claims are moot because the Notice of Default was rescinded
and the foreclosure was not completed."); *see also Schwartz v. Bank of America, N.A.*, Civil

8

Action No. 10-cv-1225, 2011 WL 1135001, at *4 (D. Colo. Mar. 28, 2011) ("Defendants have not yet attempted to renew any foreclosure against Plaintiff. Therefore, Plaintiff's complaints with respect to technical defects in the original Foreclosure Proceeding . . . appear to be moot."). There is no longer any live case or controversy between the parties as to whether Wells Fargo was entitled to foreclose on March 3, 2015, and this Court lacks subject matter jurisdiction to speculate and render an advisory opinion as to whether a sale on March 3, 2015 would have been valid. *See Mangual*, 317 F.3d at 60.

This Court similarly lacks jurisdiction to opine on the validity of any future or anticipated foreclosure sale. If Wells Fargo wishes to exercise the power of sale in the Mortgage in the future, then under Rhode Island law Wells Fargo "will be required to send Plaintiff a new written notice of the rescheduled foreclosure, as well as publish such notice." *Aracri v. Washington Mut. Bank*, No. NC-2011-0420, 2015 WL 4600807, at *2 (R.I. Super. Ct. July 27, 2015) (Rubine, J.). This makes it "impossible for this Court to predict" whether all conditions precedent to foreclosure will be satisfied. *Id.* (invoking ripeness doctrine and dismissing claims based on alleged improper pre-foreclosure notices where the "foreclosure never took effect and the borrower is still the title owner").

Like the Rhode Island Superior Court, the District of Massachusetts has recognized that a complaint seeking to challenge "an anticipated mortgage foreclosure" is nonjusticiable when a prior foreclosure notice had been canceled and no foreclosure sale was pending. *Rose v. Bank of America*, No. CV 16-11558-FDS, 2018 WL 443451, at *1 (D. Mass. Jan. 16, 2018) (concluding that court could not decide whether mortgagee had fulfilled "certain legal obligations" that must be met prior to foreclosure because there was no pending foreclosure sale). This Court should do the same.

**B.     IF THIS COURT REACHES THE MERITS, WELLS FARGO IS ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS**

      1.      **Because the Mortgage was in default before May 16, 2013, Plaintiff is not entitled to a pre-foreclosure notice of mediation pursuant to R.I.G.L. § 34-27-3.2.**

Plaintiff contends that Wells Fargo may not foreclose because it failed Rhode Island's Mediation Statute by failing to send her a pre-foreclosure notice of mediation.  Complaint ¶¶ 6-9, 15.  The Complaint further alleges that Wells Fargo's failure to comply with § 34-27-3.2 caused her to suffer damages and seeks an injunction preventing Wells Fargo from foreclosing the mortgage.  *Id.* at p. 3.  The statute does not apply here, however, as a matter of law.

The Mediation Statute requires a mortgagee to give a mortgagor written notice "that the mortgagee may not foreclose on the mortgaged property without first participating in a mediation conference."  R.I.G.L. § 34-27-3.2(d).  The statute has been amended several times since it was first enacted in 2013.  *See Pemental v. Bank of New York Mellon for Holders of Certificates, First Horizon Mortg. Pass-Through Certificates Series FHAMS 2004-AA5*, No. CV 16-483S, 2017 WL 3279015, at *1 n.1 (D.R.I. May 10, 2017) (recapping the history of Rhode Island's "on-again, off-again" mediation statute), *report and recommendation adopted sub nom. Pemental v. Bank of New York Mellon*, No. CV 16-483 S, 2017 WL 3278872 (D.R.I. Aug. 1, 2017); *Fontaine v. US Bank Nat. Ass'n*, No. PC 2015-1043, 2015 WL 2449536 (R.I. Super. Ct. May 15, 2015) (discussing history of mediation statute).  Today, and since 2015, *see Pemental*, 2017 WL 3279015, at *1 n.1, the statute does not apply to mortgages that have been in default since prior to May 16, 2013, *see* R.I.G.L. § 34-27-3.2(o)(2) (providing that "[t]he provisions of this section shall not apply if: . . . (2) The date of default under the mortgage is on or before May 16, 2013").  The current version of the statute, with this limiting language, applies here.  S*ee Linares v. US Bank National Association*, No. CV 16-481S, 2017 WL 3279010, at *1 (D.R.I.

May 16, 2017) (recognizing that the 2015 amendments "exclude mortgages such as Plaintiffs' that were in default on or before May 16, 2013" and apply to a case filed in 2014), *report and recommendation adopted sub nom. Linares v. U.S. Bank Nat'l Ass'n*, No. CV 16-481 S, 2017 WL 3278870 (D.R.I. Aug. 1, 2017); *Dacosta v. Nationstar Mortg. LLC*, No. CV 15-542-M, 2016 WL 3635985, at *1 (D.R.I. June 24, 2016) (dismissing post-foreclosure "equitable and damages" claims because the Mediation Statute "was amended in July 2015 to exempt mortgages in default prior to May 16, 2013").

Plaintiff defaulted on her Mortgage by failing to make the payment due April 1, 2010. Plaintiff has never cured the default, and the Mortgage remains due for the April 1, 2010 payment.  It is, therefore, undisputed that the date of default under Plaintiff's mortgage is before May 16, 2013.  Consequently, the Mediation Statute did not and will not require Wells Fargo to provide a notice of mediation.

> **2.     The undisputed evidence shows that Wells Fargo not only sent Plaintiff a notice advising her of her entitlement to a face-to-face meeting, it has conducted three of them with her.**

Paragraph 6 of the Complaint alleges that:  "Neither Wells Fargo nor any entity acting on its behalf has sent Plaintiff a notice advising her that she is entitled to a face-to-face meeting, prior to exercise of default and acceleration as required by the terms of her mortgage."  Plaintiff does not point to any language in the Mortgage requiring that such a notice be sent, and the only Mortgage provision she cites in her Complaint, Paragraph 9, does not require that Wells Fargo must send notice that Plaintiff is entitled to a face-to-face meeting prior to default and acceleration.

Regardless, the undisputed evidence shows that, before accelerating the amount due under the Mortgage, Wells Fargo sent such a notice.  On April 29, 2010, Wells Fargo sent the Plaintiff correspondence informing her that the Mortgage was in default and that Wells Fargo

"would like to meet with you [*i.e.*, Plaintiff] to review your financial situation and determine possible options to assist you in bringing your loan current."  *See* SOF ¶ 26.  Thereafter, Wells Fargo sent Plaintiff a "Notice of Default and Mortgagee's Right to Foreclose and Notice of Availability of Mortgage Counseling services" dated May 9, 2010, which again notified Plaintiff of the default and advised that Wells Fargo had the right to foreclose if the default was not cured. *Id.* ¶ 28.  Wells Fargo sent Plaintiff additional letters, dated October 17, 2010, March 6, 2011, and July 22, 2014, giving Plaintiff 30 days (or more) to cure the default and stating that Wells Fargo "will proceed with acceleration" if Plaintiff does not cure the default by the deadline.  *See id.* ¶¶ 29-30 (and exhibits cited therein).

Moreover, Plaintiff engaged in three face-to-face mediations with Wells Fargo as part of this Court's Alternative Dispute Resolution Program on June 11, 2015; February 26, 2018; and July 10, 2018.  Plaintiff was even offered a second chance at a loan modification in April of 2018, but rejected it.

Plaintiff has therefore received all the notice she alleges she was contractually entitled to, and more, entitling Wells Fargo to summary judgment on Plaintiff's claim that Wells Fargo has not provided her with the contractually mandated notice of her entitlement to a face-to-face meeting.

## IV.   CONCLUSION

For the reasons stated above, Wells Fargo Bank, N.A. respectfully requests that the Court grant its motion and dismiss the Complaint for lack of subject matter jurisdiction or, in the alternative, enter summary judgment in its favor on the Complaint.

Respectfully submitted,

**WELLS FARGO BANK, N.A.,**

By its attorney,

*/s/ Michael E. Jusczyk*
Michael E. Jusczyk (Bar No. 7791)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801
MJusczyk@Seyfarth.com

Dated:  December 20, 2018

## CERTIFICATE OF SERVICE

I, Michael E. Jusczyk, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 20, 2018.

/s/  *Michael E. Jusczyk*
Michael E. Jusczyk