# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CLAUDE EMILE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO BANK, N.A. )<br>)<br>Defendant. )<br>) | Civil Action No. 15-cv-77-M-LDA |

**DEFENDANT WELLS FARGO BANK, N.A'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), submits this Reply in support of its Motion to Dismiss or, in the Alternative, for Summary Judgment (*see* ECF No. 35).

## ARGUMENT

### A. REMAND TO THE STATE COURT IS NOT REQUIRED OR APPROPRIATE UPON A FINDING OF MOOTNESS

Plaintiff, admitting that no foreclosure sale has occurred, does not seriously dispute Wells Fargo's argument that her Complaint is moot. Instead, she argues that if this Court finds that the case is moot, it must remand to the state court. Her argument is unconvincing.

First, the cases Plaintiff relies on are inapposite because they involved situations in which the federal court never had jurisdiction over the action. *See Polo v. Innoventions Int'l, LLC*, 883 F.3d 1193, 1197 (9th Cir. 2016) (requiring remand to state court because "[t]his case lacked a named plaintiff with Article III standing, and therefore was not properly removed"); *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Svcs.*, 876 F.2d

1051, 1054 (1st. Cir. 1989) (finding "that the federal courts lack 'original jurisdiction' over the action, because of [plaintiff's] lack of standing"). Here, by contrast, there is no dispute that this court had jurisdiction on February 27, 2015, the date Wells Fargo removed it from state court.

Moreover, although a motion to dismiss on mootness grounds is properly made under Fed. R. Civ. P. 12(b)(1), *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001), mootness is a form of justiciability, *see Massachusetts Laborers' Dist. Council v. Labor Relations Div. of Const. Indus. of Massachusetts, Inc.*, 23 F.3d 394 (1st Cir. 1994) (Table) (per curiam) (affirming district court ruling that the case had become "moot and thus no longer justiciable"). Just recently, the First Circuit has warned against "confus[ing] the very different concepts of subjects matter jurisdiction and justiciability." *Rinsky v. Cushman & Wakefield, Inc.*, 918 F.3d 8 (2019); *see also Powell v. McCormack*, 395 U.S. 486, 516–17 (1969) (addressing subject matter jurisdiction and justiciability as separate concepts). The Massachusetts District Court has recognized that when a scheduled nonjudicial foreclosure sale does not occur, challenges to the validity of that "anticipated mortgage foreclosure" become nonjusticiable and the complaint should be dismissed. *Rose v. Bank of America*, No. CV 16-11558-FDS, 2018 WL 443451, at *1 (D. Mass. Jan. 16, 2018). This Court should apply *Rose*'s reasoning here and dismiss the Complaint as nonjusticiable.

**B.     SHOULD THIS COURT REACH THE MERITS, PLAINTIFF FAILS TO RAISE A GENUINE ISSUE OF FACT FOR TRIAL**

Plaintiff does not dispute that she defaulted on the Mortgage prior to May 16, 2013, that no foreclosure has occurred, and that she has had more than one face to face meeting with a Wells Fargo representative regarding loss mitigation. She states that the only "two issues currently before the Court are" (1) "damages" arising out of Wells Fargo's alleged breach of contract and (2) "whether the failure to afford the Plaintiff mediation prior to mailing Notice of

Sale in violation of R.I.G.L 34-27-3.2 also constituted a breach of contract for which the Defendant is liable." *See* ECF No. 47, Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss or Alternatively for Summary Judgment, p. 2.[1]  But Plaintiff has submitted no evidence that she has sustained any damages whatsoever.  Damages are an essential element of a breach of contract claim, *Dan-Harry v. PNC Bank, N.A.*, No. CV 17-136WES, 2018 WL 5044235, at *6 (D.R.I. Oct. 17, 2018), report and recommendation adopted, No. CV 17-136 WES, 2019 WL 1253481 (D.R.I. Mar. 18, 2019), and Plaintiff may not rely on the mere allegations of damages sent forth in her Complaint to ward off summary judgment.  *Lucia v. Prospect St. High Income Portfolio, Inc.*, 36 F.3d 170, 174–75 (1st Cir. 1994) ("In seeking to forestall the entry of summary judgment, a nonmovant may not rely upon allegations in its pleadings.").

Plaintiff also attempts to raise, for the first time, an unpled breach of contract claim predicated on certain Housing and Urban Development ("HUD") Regulations supposedly incorporated into the Mortgage.  HUD regulations are nowhere mentioned in the Complaint. "Plaintiffs may not 'raise new and unadvertised theories of liability for the first time in opposition to a motion for summary judgment[.]'"  *Miranda-Rivera v. Toledo-Davila*, 813 F.3d 64, 76 (1st Cir. 2016) (quoting *Calvi v. Knox Cty.*, 470 F.3d 422, 431 (1st Cir.2006)).

And, even if this Court is willing to entertain such a tardy claim, Wells Fargo is nonetheless entitled to judgment as a matter of law.  First, the claim is moot because Plaintiff admits she has engaged in a face to face meeting with Wells Fargo and it is undisputed that no

---

[1] Wells Fargo stands on, but does not repeat here, its briefing as to why it is entitled to summary judgment, *see* ECF No. 35, Wells Fargo Bank N.A.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, For Summary Judgment, pp. 10-12, and addresses in this section of its Reply Plaintiff's position that there are issues of damages for trial, along with her attempt to raise a new, unpled claim.

foreclosure has occurred. Second, proof of damages is an essential element of a breach of contract claim predicated on an alleged violation of HUD regulations, and a plaintiff who—like Plaintiff here—fails to present evidence of damages may not get past summary judgment. *Dan-Harry v. PNC Bank, N.A.*, 2018 WL 5044235, at *6-*7 (report and recommendation) (granting summary judgment "based on Plaintiff's lack of proof of damages caused by the alleged breach"); *see also Dan-Harry v. PNC Bank, N.A*, 2019 WL 1253481, at *2 (adopting report and recommendation and recognizing that a plaintiff's failure "to demonstrate damages . . . would comprise an independent ground for granting" summary judgment to the defendant).

## **CONCLUSION**

For the reasons stated above, Wells Fargo Bank, N.A. respectfully requests that the Court grant its motion and dismiss the Complaint as moot or, in the alternative, enter summary judgment in its favor on the Complaint.

Respectfully submitted,

Defendant,
Wells Fargo Bank, N.A.

By its Attorney,

/s/ *Michael E. Jusczyk*
Michael E. Jusczyk (Bar# 7791)
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Email: mjusczyk@seyfarth.com

Dated: April 19, 2019

## **CERTIFICATE OF SERVICE**

      I, Michael E. Jusczyk, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 19, 2019.

                                          /s/  *Michael E. Jusczyk*
                                          Michael E. Jusczyk