# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CLAUDE EMILE,<br>      Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>      Defendant. | C. A. No. 15-077-M-LDA |

## ORDER

Claude Emile's home mortgage has traveled a long and winding road. It first went into default in early 2010, was modified in the spring of that year, and Mr. Emile defaulted again. Wells Fargo sent several letters, reaching out about curing the default, but to no avail. Mr. Emile filed this complaint in state court in February 2015 to enjoin the foreclosure scheduled for March 3, 2015. Wells Fargo removed the case to this Court, where the parties have engaged in multiple mediations through the Special Master Program. None of those sessions resulted in a successful resolution. It is undisputed that the scheduled foreclosure never occurred.

Before the Court is Wells Fargo Bank, N.A.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, for Summary Judgment. ECF No. 35. Wells Fargo argues that this Court does not have subject matter jurisdiction because the foreclosure never happened so there is no case or controversy. Mr. Emile objects, arguing that the Court does have jurisdiction because he has damages rooted

in the foreclosure process even though it was never completed.[1] Wells Fargo breached the mortgage contract by accelerating it and initiating a foreclosure without complying with the mediation and loss mitigation requirements. In the alternative, he asks the Court to allow him to amend his complaint to add justiciable claims for breach of contract and breach of the covenant of good faith and fair dealing[2] or to remand the case to state court instead of dismissing it.

"In considering the fitness prong of the ripeness inquiry, [the First Circuit] ha[s] emphasized that a 'claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 326 (1st

---

[1] Mr. Emile cites *Dan Harry v. PNC Bank, N.A.*, as dispositive on this issue because the court declined to dismiss an action rooted in a defendant's failure to give a homeowner a face-to-face meeting. C.A. No. 17-136 WES, 2018 WL 1083581, at *4 (D.R.I. Feb. 27, 2018). The facts and status of that case are very different from Mr. Emile's case. In *Dan Harry*, the foreclosure actually occurred, and the plaintiff pled breach of contract claims. Both of those facts were important to the court's disposition of that motion and are not present here.

[2] Mr. Emile's complaint is four years old and was filed in an effort to stop the scheduled foreclosure. It is for declaratory and injunctive relief only. On Wells Fargo's motion, he asks to file an amended complaint "to correct any deficiencies . . . which the Court may find." ECF No. 47 at 24. "While courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party, ... it is clear that 'undue delay' can be a basis for denial." *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 19 (1st Cir. 1979) (citations omitted) (motion to amend the complaint was denied when made more than two years after the suit was filed); *see also Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1, 4 (1st Cir. 1983); *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 896 (1st Cir. 1979). Because Mr. Emile offers no justification for his delay, his original complaint has stood for four years, and is so tailored to his request for a temporary restraining order on the foreclosure that never happened, the Court denies Mr. Emile's request to amend his complaint.

Cir. 2016) (quoting *City of Fall River v. Fed. Energy Regulatory Comm'n*, 507 F.3d 1, 6 (1st Cir. 2007)).

Mr. Emile filed his complaint in 2015, alleging a claim for declaratory and injunctive relief based on technical defects leading up to the March 2015 scheduled foreclosure. ECF No. 1-1 at ¶ 5. That foreclosure never happened so that claim is moot. *Nash v. GMAC Mortg., LLC*, No. CA 10-493 S, 2011 WL 2470645, at *13 (D.R.I. May 18, 2011), *report and recommendation adopted*, No. CA 10-493 S, 2011 WL 2469849 (D.R.I. June 20, 2011); *Aracri v. Washington Mut. Bank, N.A.*, No. NC 2011-0420, 2015 WL 4600807, at *2 (R.I. Super. July 27, 2015) ("The Uniform Declaratory Judgments Act cannot be used by a plaintiff to obtain an advisory opinion, as there must be a present case or controversy for the Court to entertain issuing a declaratory ruling."). Because the Court finds that there is no case or controversy at this stage, Wells Fargo's Motion to Dismiss is GRANTED. ECF No. 35.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

June 11, 2019